**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **NASSER KEHTARNA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:15-cv-231** |
| | § | |
| **THE TRAVELERS HOME AND** | § | **JURY** |
| **MARINE INSURANCE COMPANY; and** | § | |
| **WALKER INSURANCE AGENCY INC.** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Defendant The Travelers Home and Marine Insurance Company ("Travelers") files its

Notice of Removal of this action from the County Court at Law No. 2 of Denton County, Texas

to the United States District Court for the Eastern District of Texas, Sherman Division, the

District and Division encompassing the state court in which this action is pending.  This Notice

of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, Travelers shows

this Court as follows:

1.     On December 3, 2014, Plaintiff Nasser Kehtarna ("Plaintiff") filed an Original

Petition (the "Complaint") in the County Court at Law No. 2 of Denton County, Texas, styled

*Nasser Kehtarna v. The Travelers Home & Marine Insurance Company, et al*, where it was

assigned Cause No. CV-2014-02604.

2.     On January 22, 2015, Travelers was served with a citation and the Complaint.  At

the time of service, Plaintiff did not specify the amount of his demand, other than stating that the

amount in controversy was less than $100,000.  On March 10, 2015, Travelers received an

estimate from Plaintiff which allowed Travelers to determine for the first time that the amount in controversy exceeds $75,000.  This was the first paper from which it could first be ascertained that this case was removable.  Removal is therefore timely because it is completed within 30 days of when Travelers was first able to ascertain that the amount in controversy was satisfied. 28 U.S.C. § 1446(b)(3).

3.      Travelers is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the County Court at Law No. 2 of Denton County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4.      In accordance with Local Rule CV-81, attached are the following:

**Exhibit A:**    A list of all parties in the case, their party type, current status of the removed case, list of the attorneys involved in the action, a record of the party that requested trial by jury, if any, and the name and address of the court from which the case is being removed;

**Exhibit B:**    A certified copy of the state court docket sheet; and

**Exhibit C:**    A copy of all documents filed in the state court action.

## GROUND FOR REMOVAL:  DIVERSITY

5.      This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

**(a)      The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6.      Plaintiff filed the Complaint alleging Travelers wrongfully denied and refused to pay an insurance claim.  Plaintiff does not specify the dollar amount of damages she seeks to recover in her Complaint.  However, Plaintiff does state that she seeks the "amount of the policy benefits withheld," direct and indirect consequential damages, exemplary damages, damages for

mental anguish, and attorney's fees.  *See* Ex. C-1 at ¶ 68.  Furthermore, in connection with her claims of noncompliance with the Texas Unfair Competition and Unfair Practices Act, Plaintiff seeks "three times economic damages and three times mental anguish damages." *Id.*

7.     When, as in this case, the complaint does not plead an amount in controversy, the removing defendant has the burden of proving that the amount in controversy exceeds the sum of $75,000.  *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003).  When a plaintiff pleads for trebling of damages and attorney's fees, those sums must be considered in determining whether the amount in controversy exceeds $75,000.  *See Dow Agrosciences, LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  Attorney's fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues.  *H&D Tire & Auto Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), cert denied, 534 U.S. 894 (2001).

8.     Plaintiff provided Travelers with an estimate to repair the property totaling $47,320.23.  *See* Ex. D.  Three times Plaintiff's alleged economic damages of $47,320.23 alone exceeds the sum of $75,000, without even considering the other damages Plaintiff seeks to recover and attorney's fees Plaintiff seeks to recover.  Plaintiff asserts two causes of action that would permit recovery of attorney's fees, breach of contract and violations of the Texas Unfair Competition and Unfair Practices Act.  *See generally* Ex. C-1.  When considering the attorney's fees in addition to treble damages, there is no doubt Plaintiff seeks to recover damages in excess of the jurisdictional minimum.  Because Plaintiff's claims exceed $75,000, exclusive of interest and costs, this Court has jurisdiction and removal is proper.

### (b)      Complete diversity between Plaintiff and Travelers exists.

9.      Plaintiff was at the time of the filing of this action, has been at all times since, and is still an individual resident citizen of the State of Texas.  For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom.  *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).  Accordingly, Plaintiff is a citizen of Texas.

10.      Under the diversity statute, corporations "shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and the state or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). Travelers is a corporation organized under the laws of the state of Connecticut with its principal place of business in the State of Connecticut.  Accordingly, Travelers is a citizen of Connecticut.

### (c)     Defendant Walker Insurance Agency Inc. was improperly joined.

11.      Defendant Walker Insurance Agency Inc. (the "Insurance Agent") was improperly joined and, therefore, its citizenship can be disregarded for purposes of diversity jurisdiction.

12.      "The citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction."  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied*, 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Centr. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule

12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citing *Smallwood*, 385 F.3d at 573).

13.   If there is an "inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court," improper joinder is established. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).   Moreover, improper joinder is shown if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). It is not sufficient for the plaintiff to show "any mere theoretical possibility of recovery" to preclude removal. *Id.* at 573, n.7; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).   "There must at least be arguably a reasonable basis for predicting state law would allow recovery in order to preclude a finding of fraudulent joinder." *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).   If the plaintiff cannot survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the joinder is improper. *Smallwood*, 385 F.3d at 573.

14.   To survive a motion to dismiss based on Rule 12(b)(6), a plaintiff must plead sufficient facts to state "a legally cognizable claim that is plausible." *Lone Star Fund V (U.S.), L.P. v. Barclay's Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).   The pleading standard set forth by the United States Supreme Court does not "require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'   Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (internal citations omitted)).  While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555.

15.   The Insurance Agent was improperly joined because Plaintiff's conclusory and summary allegations against it are insufficient to state a claim.  In the Complaint, Plaintiff asserts causes of action against the Insurance Agent (and Travelers) for violations of the Texas Deceptive Trade Practices Act, negligent misrepresentation, fraud, and conspiracy.  Plaintiff's only factual support of her claims against the Insurance Agent is that "[f]rom the time of sale of her policy to date, DEFENDANT INSURANCE AGENT constantly assured PLAINTIFF that they were adequately insured even though a reasonable and prudent insurance agent would testify otherwise," and "DEFENDANT INSURANCE AGENT misrepresented to Plaintiff that the insured person was covered by such peril although DEFENDANT INSURANCE COMPANY denied such coverage."  *See* Ex. C-1 at ¶¶ 12, 19.  Plaintiff then offers little more than recitations of the elements of each claim.  *See generally* Ex. C-1.

16.   Plaintiff's claims are based on the Insurance Agent's alleged misrepresentation that the insured would be covered for a peril, in this case, hail damage.  Plaintiff omits the fact that the issue here is not whether the peril is a covered peril under the insurance policy, but that Travelers' investigation found no hail damage to the insured's roof.  Plaintiff's vague allegation regarding the Insurance Agent's misrepresentation does not support any reasonable probability of recovery from the Insurance Agent on any of her claims.  Accordingly, because the allegations against the Insurance Agent are conclusory and made solely to destroy diversity jurisdiction, its citizenship should be disregarded because it was improperly joined.

17.   The Insurance Agent's consent to this removal is not required because it was improperly joined.  *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined"); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

18.   Accordingly, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332.  Removal is therefore proper.

WHEREFORE, Travelers prays that the above-described action now pending in the County Court at Law No. 2 of Denton County, Texas be removed to this Court.

Respectfully submitted,

 */s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
MARCIE L. SCHOUT
Texas Bar No. 24027960
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
mschout@qslwm.com

**ATTORNEYS FOR DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 6th day of April, 2015.

Eric B. Dick, LL.M.
DICK LAW FIRM, PLLC
3701 Brookwoods
Houston, Texas 77092

_/s/ Marcie L. Schout_
Marcie L. Schout